IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALINA TAMAS, Individually and on behalf of All Others Similarly Situated; | ) ) ) | |
| Plaintiff, | ) ) | No. 11-cv-1024 |
| v. | ) ) ) | The Honorable Judge Edmond E. Chang |
| FAMILY VIDEO MOVIE CLUB, INC. | ) ) | |
| Defendant. | ) | |

## **MOTION TO STRIKE**

Defendant, Family Video Movie Club, Inc. ("Family Video"), by it attorneys and pursuant to Rules 12(f) and 23(d)(1)(D) of the Federal Rules of Civil Procedure, respectfully requests that the Court enter an order striking the Rule 23 class action allegations and prayer for relief contained in Plaintiff's Complaint.

**Facts**

On February 14, 2011, Plaintiff, Alina Tamas ("Plaintiff"), filed her complaint, asserting claims under the Illinois Minimum Wage Law ("IMWL") (Count I) and the Fair Labor Standards Act ("FLSA") (Count II). [Doc. 1] Both claims arise out of the same factual allegations; *i.e.* that Plaintiff is owed payment for overtime worked. *Id.* at ¶¶1, 2, 3, 36, 37, 39, 40, 43, 52, 53, 56, 57. Plaintiff seeks to pursue her IMWL claim as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure. *Id.* at ¶40. Plaintiff seeks to pursue her FLSA claim as an opt-in collective action under Section 216(b) of the FLSA. *Id.* at ¶34.

CI-9200842 v1

**Argument**

Rule 23(d)(1)(D) provides that, "[i]n conducting an action under this rule, the court may issue orders that ... require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "It is true that where the dispute is factual and discovery is needed to determine whether a class should be certified, it may be premature to strike class allegations. But when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained." *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, *1 (N.D. Ill. Nov. 30, 2010). Indeed, "[d]istrict courts, both within this district and others, have held that a motion to strike class allegations, made pursuant to these provisions, is an appropriate device to determine whether the case will proceed as a class action." *Wright*, 2010 WL 4962838, *1; *see also, e.g., Muehlbauer v. General Motors Corp.,* 431 F.Supp.2d 847, 870 (N.D. Ill. 2006); *Cornette v. Jenny Garton Ins. Agency, Inc.,* No. 2:10-CV-60, 2010 U.S. Dist. LEXIS 52809, at *4 (N.D. W. Va. May 27, 2010).

Where the FLSA and the IMWL are "coextensive," the same analysis applies to both sets of claims. *Condo v. Sysco Corp.*, 1 F.3d 599, 601 n.3 (7th Cir. 1993)(framing analysis regarding claims under the FLSA and IMWL "in terms of whether the system complies with the FLSA"). The Illinois Administrative Code provides that FLSA regulations are to be used as guidance in interpreting the IMWL. Ill. Admin. Code tit. 56, pt. 210.120 (2009). As a result, courts evaluating claims brought under both the FLSA and the IMWL generally address the strength of plaintiffs' claims as one. *See, e.g., Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 843 (N.D. Ill. 1998) ("the success of [plaintiff's] state law claim under the [IMWL] is intertwined with the success of his federal claim under the [FLSA] . . . This Court will perforce treat the two

statutes as co-extensive."); *Haynes v. Tru-Green Corp.*, 154 Ill. App. 3d 967, 977, 507 N.E.2d 945, 950-951 (Ill. App. 4th Dist. 1987) (applying *de minimis* principle and finding defendant complied with IMWL where defendant complied with FLSA).

The Rule 23 class allegations under the IMWL contained in the Complaint should be stricken because the opt-in collective action under Section 216 of the FLSA preempts the opt-out Rule 23 class action under state wage and hour laws. *Dillworth v. Case Farms Processing, Inc.*, 2009 WL 2766991 (N.D. Ohio Aug 27, 2009)(striking Rule 23 class action allegations for Ohio wage and hour claim because they were preempted by the collective action process under the FLSA). A federal statute can preempt state law by an express preemption clause or through implied preemption. *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 494 (1987). A state law is preempted by a federal law, even where the statutes share the same goal, where the state law "interferes with the methods by which the federal statute was designed to reach this goal." *Id.* (emphasis added); *see also English v. General Electric Co.*, 496 U.S. 72, 78 (1990)(holding that state law is preempted to the extent that it actually conflicts with federal law). "[T]he Court has found preemption where it is impossible for a private party to comply with both federal and state requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English*, 496 U.S. at 78 (emphasis added); *see also Emanuel v. Rolling in the Dough, Inc.*, 2010 WL 4627661 (N.D. Ill. Nov 2, 2010).

In response to a flood of class action litigation, Congress amended the FLSA to preclude the adjudication of an employee's claim for overtime absent the employee's "consent in writing." *See* 29 U.S.C. § 216(b); Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947). Congress was concerned that, unless plaintiffs were prevented from aggregating overtime claims under opt-out class action devices, "the payment of ... liabilities would bring about financial ruin of many employers

... [and] the courts of the country would be burdened with excessive and needless litigation." 29 U.S.C. § 251(a)(1) and (7). *See also* H.R. Report No. 71, 80th Congress, 1st Session 4 (1947). To that end, Congress included the following under the title "Representative Actions Banned":

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. <u>No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.</u>

29 U.S.C. §216(b) (emphasis added).

Moreover, the FLSA includes a limited "saving" clause that does not carve out an exception for state-law "opt out" class actions. Specifically, the FLSA's "saving" clause provides:

> [n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum work week established under this chapter....

29 U.S.C. §218. If Congress intended to allow for such class actions, it could have provided for them explicitly in Section 218. Instead, and as is clear from the explicit language of Section 216, Section 251, and the legislative history, Congress intended to limit such actions to employees who submitted written consents. Plaintiffs' claim for an opt out class action would frustrate Congress' purpose and objectives.

In *Geier v. American Honda Co.*, 529 U.S. 861, 868 (2000), the U.S. Supreme Court considered a "saving" clause that provided "compliance with" a federal safety standard "does not exempt any person from any liability under common law." The Court held that the saving clause did "not bar the ordinary working of conflict pre-emption principles." *Id.* at 869. The Court

- 4 -

"has repeatedly declined to give broad effect to saving clauses where doing so would upset the careful regulatory scheme established by federal law." *Id.* at 870. The Court concluded that a common-law "no airbag" action conflicted with the purpose and regulatory scheme established by federal law. Similarly, an "opt-out" class action based on state-law claims conflicts with the purpose and regulatory scheme established by federal law under the FLSA. Accordingly, based on conflict preemption, the state-law classwide claims are pre-empted by federal law.

The Seventh Circuit has recognized that Section 216 of the FLSA is an "opt-in class action procedure that preempts the class action procedure under Federal Rule of Civil Procedure 23." *King v. General Elec. Co.*, 960 F.2d 617, 619 and 621 (7th Cir. 1992).[1] In so doing, the Seventh Circuit relied upon the Fifth Circuit's decision in *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975), in which that court explained:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. (internal citations omitted). It is crystal clear that § 16(b) precludes Rule 23 class actions in FLSA suits.

*La Chapelle*, 513 F.2d at 288.

---

[1] Though *King* involved an ADEA claim, the Seventh Circuit noted that "the ADEA incorporates the enforcement provisions of the Fair Labor Standards Act, 29 U.S.C. §216." *Id.* at 621. Beyond *King*, the Seventh Circuit has expressly refrained from further addressing the issue of federal preemption by Rule 216. *Ervin v. OS Restaurant Services, Inc.,* 2011 WL 135708, *3 (7th Cir. 2011) (noting that, because defendant did not argue "that the FLSA in any way preempts the state laws that the plaintiffs have invoked," it was one of "a number of issues that are thus not before us.")

Moreover, allowing a Rule 23 class action for state law wage claims would violate the Rules Enabling Act. *Dillworth*, 2009 WL 2766991. "Rule 23 was promulgated pursuant to the Rules Enabling Act, which allows the Supreme Court to prescribe general rules of practice and procedure for cases in United States District courts. However, such rules shall not abridge, enlarge or modify any substantive rights." *Id.* at *5 (citations omitted). The ultimate question, therefore, is whether the application of Rule 23 abridges, enlarges, or modifies a substantive right in violation of the Rules Enabling Act.

The FLSA opt-in requirement is a substantive right. *Dillworth*, 2009 WL 2766991, at *5-6. "The Supreme Court has recognized who may sue, on what claims, for what relief, and within what limitations period as quintessentially substantive matters." *Id.* at *6 (citing *Henderson v. United States*, 517 U.S. 654, 671 (1996)). In concluding that the opt-in requirement was substantive, the court explained:

> That is precisely what the FLSA opt-in requirement does, as it limits who may sue to those who affirmatively opt in to the action and only grants relief to those who affirmatively assert their rights (and, likewise, grants relief to the employer only against those employees who have elected to bring suit). . . . FLSA was amended in order to protect the right of an employee to not be bound in a wage and hour action without his consent, and the right of an employer not to face burdensome representative actions. The opt-in requirement is substantive because it is the device by which those rights are secured, as it prevents employees from having their rights litigated without their knowledge and express consent and generally reduces the number of plaintiffs in a representative suit against a business. Indeed, were the opt-in requirement merely procedural, there would be no reason to forbid a FLSA action from being brought as a Rule 23 action, yet that is clearly impermissible under longstanding precedent.

*Dillworth*, 2009 WL 2766991 at *6. Accordingly the court concluded that the "FLSA's opt-in requirement creates substantive rights that cannot be abridged, expanded or modified by the application of Rule 23." *Id.*

A Rule 23 class action for a state-law overtime claim would impermissibly abridge and modify the substantive rights created by the FLSA for both employees and employers. *Id.* "Those employees who have not affirmatively consented to litigating their rights would nonetheless have their rights litigated, in contravention of the purposes underlying the FLSA amendment. In fact, those employees who had not opted out of the class action would be barred under *res judicata* from raising any FLSA claims on their own behalves in the future, despite FLSA's clear intent to the contrary." *Id.* In addition, the Rule 23 action would thwart the employer's "protections against representative actions because it would sweep most employees into the suit even though an overwhelming majority of them did not elect to opt in to the FLSA action." *Id.* The Rules Enabling Act, therefore, prohibits a Rule 23 class action for a state-law overtime claim because it would abridge and modify the substantive rights protected under the FLSA's opt-in requirement. *Id.* at *7.

By asserting her IMWL claim for allegedly unpaid wages as an opt-out class action, Plaintiff's claim is in direct conflict with the Congressional mandate against employers facing the burden of litigating overtime claims against <u>absent</u> class members and "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English*, 496 U.S. at 79. It would also violate the Rule Enabling Act. *Dillworth*, 2009 WL 2766991, at *5-6. It would interfere with the substantive rights under Section 216(b) to have wage claims resolved only on an individual or opt-in basis. Thus, the collective opt-in provisions under Section 216(b) preempt the opt-out class action under Rule 23. Indeed, any other result could effectively force employees who do not consent in writing to, nevertheless, be an unnamed plaintiff in "such action," in violation of the express language in Section 216(b).

**Conclusion**

For the foregoing reasons, Family Video Movie Club, Inc. respectfully requests that the Court enter an order striking the Rule 23 class action allegations from Plaintiff's complaint, including those contained in Paragraphs 1, 36, 37, and 39-51, and the prayer for relief, to the extent it requests class certification pursuant to Rule 23.

Date: April 18, 2011

Respectfully submitted,

FAMILY VIDEO MOVIE CLUB, INC.


 s/ Joel C. Griswold
One of Its Attorneys

John T. Roache
Joel C. Griswold
K&L GATES LLP
Three First National Plaza
70 W. Madison, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

- 9 -

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing **Defendant's Motion to Strike** was served this 18th day of April 2011, via the ECF system for the United States District Court for the Northern District of Illinois, upon the following:

Douglas M. Werman
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602

Michael A. Josephson
Fibich, Hampton & LeeBron, L.L.P.
1401 McKinney St., Suite 1800
Houston, Texas 77010

/s/ Joel C. Griswold