UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALINA TAMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAMILY VIDEO MOVIE CLUB, INC.,<br><br>Defendant. | No. 11 C 1024<br><br>Magistrate Judge Mary M. Rowland |

## ORDER

Defendant Family Video Movie Club, Inc.'s Motion to Compel [254] is granted in part and denied in part. Plaintiffs will produce documents within 30 days from the date of this Order. The supplemental interrogatory responses are due 90 days from the date of this Order.

## STATEMENT

### Background

Plaintiff, Alina Tamas, brings this putative class/collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105/1 *et seq.*, against Defendant Family Video Movie Club, Inc. ("Family Video"). Tamas, a former salaried store manager and manager-in-training at Family Video, alleges that she and those who were similarly situated were improperly classified as exempt employees and thus were deprived of overtime pay. (*See* Dkt. 1, 172). On August 13, 2013, the Court granted Plaintiff's motion for conditional certification of the FLSA class as follows: "All salaried Managers in Training and Store Managers who worked for Family Video Movie Club, Inc., at any time during the past three years." (Dkt. 172 at 5). The Court denied Plaintiff's motion for certification of the IMWL class. (Dkt. 172).

Once an FLSA class is conditionally approved, notice of the FLSA claim is given to the class, and the putative class members are permitted to opt-in. *See Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008). After the parties take additional discovery, the court proceeds to the second step in the process, which usually involves a request from the plaintiff to certify the FLSA class or a request from the defendant to decertify the conditionally certified class. *Id.* It is not until

the conclusion of the opt-in process and class discovery "that the court more rigorously reviews whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action." *Smallwood v. Illinois Bell Telephone Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010) (internal citations omitted).

Pursuant to this Court's scheduling order, a total of sixty-four (64) opt-in Plaintiffs are subject to Defendant's written discovery. (Dkt. 221). On April 15, 2014, Defendant propounded interrogatories, document requests, and requests for admission to each of the 64 discovery opt-in Plaintiffs. On June 11, 2014, opt-in Plaintiffs filed a motion for a protective order due to the high-volume of requests for admission and related interrogatories. (Dkt. 230). On July 17, 2014, this Court granted opt-in Plaintiffs' motion for a protective order regarding the requests for admission and the related interrogatories labeled Nos. 4-13. (Dkt. 237, 240). On July 18, 2014, Defendant submitted revised interrogatories.

Defendant now moves to compel opt-in Plaintiffs to provide answers and documents in response to Family Video's document requests and revised interrogatories. In these revised interrogatories, Defendant seeks information related to the fundamental disagreement of this lawsuit – whether the opt-in Plaintiffs were engaged in exempt work activity. The discovery requests seek information on the opt-in Plaintiffs' job duties, responsibilities, and authority. Plaintiffs object to the interrogatories, arguing that the discovery is "overly broad, harassing, unreasonably cumulative, duplicative, and seeks information that can be obtained from another, more convenient, less burdensome or less expensive source, including Defendant's own documents, Plaintiff's deposition testimony, other witnesses." (Plt Resp., Dkt. 258 at 1).

## DISCUSSION

### Interrogatory No. 3

Defendant requests that each opt-in Plaintiff identify what activities he or she performed on behalf of Family Video while employed as a salaried store manager and/or a salaried manager-in-training. Plaintiffs agree to answer Interrogatory No. 3. Plaintiffs state that they will identify "whether they performed, or did not perform, each job duty that Defendant claims will inform the Court whether Plaintiffs performed job duties that may meet the executive and/or administrative employee exemption." (Plt Resp., Dkt. 258 at 4). This single interrogatory requires each opt-in Plaintiff to identify whether or not he/she performed 38 separate job duties while a manager-in-training and then identify whether he/she performed those same 38 job duties while a manager.

### Interrogatories Nos. 4 and 5

Interrogatories Nos. 4 and 5 ask Plaintiffs to rank the activities identified in Interrogatory No. 3 as manager-in-training (Interrogatory 4) and then as a manager (Interrogatory 5), according to how the plaintiff prioritized his/her performance of

each activity, from most significant to least significant. Plaintiffs object to this interrogatory because a "plaintiff's own perception of what job duties are more 'significant' than others has no relevance to Plaintiffs' claims or Defendant's affirmative defenses." (Plt Resp., Dkt. 258 at 5). Defendant argues that a plaintiff's ability to prioritize the job duties makes it more or less probable that the plaintiff was exercising "discretion and independent judgment," which is essential to qualify for the administrative exemption. *See* 29 C.F.R. § 541.202. (Dft Reply, Dkt. 259 at 6).

Defendant reads far too much into an individual plaintiff's subjective perception of what job duties were more or less significant than other job duties. But while the Court does not agree that an individual plaintiff's own perception of "priority" is indicative of "discretion and independent judgment" in order to qualify for an exemption, the Court finds this information is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, in light of the fact that Plaintiffs agreed to answer Interrogatory No. 3, a far more involved interrogatory with multiple subparts, the extra step of "ranking" the activities should not be overly burdensome. Defendant's motion to compel Plaintiffs' responses to Interrogatories Nos. 4 and 5 is granted.

### **Interrogatory No. 6**

Defendant seeks further information regarding the activities identified in Interrogatory No. 3, including identifying the date on which an activity was performed; the store at which it was performed; whether the plaintiff was a store manager or manager-in-training when performing the activity; describing how the activity was performed on each occasion; and describing how much time was spent performing the activity on each occasion. Plaintiffs argue that this interrogatory is unduly burdensome and that it is unreasonable to ask Plaintiffs to reconstruct every daily activity. The Court agrees that requiring Plaintiffs to reconstruct each daily activity, including the date of the activity, the duration of the activity, how much time on a specific day was spent on an activity, and how the activity was performed, is overly burdensome. Defendant's motion is denied.

### **Interrogatory No. 7**

Plaintiffs state that they have no objection to answering this interrogatory.

### **Interrogatory No. 8**

Defendant asks each opt-in Plaintiff to identify the number of times he/she performed the activities identified in Interrogatory No. 3 and the amount of time elapsed between each occasion that the plaintiff performed such activity. The Court finds this request unduly burdensome. Defendant's motion is denied.

### **Interrogatories Nos. 9-11**

In Interrogatories Nos. 9-11, Defendant asks Plaintiffs to identify activities that were *not* performed. Specifically, Defendant asks Plaintiffs to: identify each Family Video employee "to whom you communicated that you were not performing such activities" (Interrogatory No. 9); "identify all facts that Family Video knew or should

have known that you were not performing each such activity" (Interrogatory No. 10); and "explain why you did not perform each such activity" (Interrogatory No. 11). Defendant asserts these interrogatories are necessary to inform them why opt-in Plaintiffs were not performing exempt activities, and whether the opt-in Plaintiffs put Defendant "on notice that he/she was shirking his/her responsibilities." (Mot, Dkt. 254 at 8).

The Court is not sure how the opt-in Plaintiffs would go about answering these questions. Interrogatories 10 and 11 are particularly vague and confusing. Furthermore, requiring Plaintiffs to describe "all facts that Family Video knew or should have known that you were not performing each such activity," asks each Plaintiff to speculate on what Defendant may or may not have known. What is at issue here is the opt-in Plaintiffs' job duties. Requiring opt-in Plaintiffs to compose a list of all activities not performed, and a list of reasons for not performing those activities is unduly burdensome and not likely to lead to discoverable evidence. Defendant's request to compel a response to Interrogatories Nos. 9-11 is denied.

### Document Production

Plaintiffs do not object to Family Video's document requests. Plaintiffs will produce documents in accordance with this Order.

Dated: October 29, 2014        *Mary M Rowland*